HOWARD A. MILLER
*vs.*
CECIL M. HUTCHINSON

Kennebec.  Opinion, November 12, 1954.

*Dubord & Dubord,* for plaintiff.

*Arthur Eaton,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

BELIVEAU, J.  Proceedings as in Equity authorized by Section 85, Chapter 5, Revised Statutes.  These proceedings were instituted by the petitioner, Howard A. Miller, alleging that at a Municipal election in Waterville on the first Monday of December 1953 he was duly elected a Member of the Board of Education.  A hearing was had on this bill and the decision favored the respondent.  An appeal from that decision is before this court.

While several issues are raised by the petitioner this opinion is confined to and deals only with the legality of the absentee ballots.

Prior to the enactment of the so-called absentee voting law, a citizen unable to present himself at the voting place was by that fact denied the right to cast his vote. The law now makes it possible for a vote to be cast in case of his absence from the locality on election day, if he certifies, under oath, that he will be absent on the day of the election or is unable to cast his vote in person, because of physical incapacity or religious reasons.

Section 2, Chapter 6, R. S., amended by Section 19, Chapter 365, Laws of 1953, provides the following jurat as it applies to an absentee voter, to wit:

> "Personally appeared the above (name of voter) and made oath to the truth of the statement contained hereon."

It is admitted by the parties involved, that instead of the oath prescribed by the above statute, the following appeared on each of the sealed envelopes, containing the absentee voter's ballot:

> "I hereby certify that the above statements made by said affiant are true to the best of my knowledge and belief."

Was this certificate a substantial compliance with the law? We hold it was not.

The absentee voting law gives the voter a right that did not exist before its enactment and, if perchance, this law were repealed, no voter could claim the right to vote *in absentia* as a matter of right.

It must of necessity follow that a voter who has occasion to avail himself of this right must, at least substantially, comply with the provisions of the law. If he fails in this

respect, then his vote amounts to nothing and cannot be considered as properly cast.

Was the required oath administered?

The certificate on the face of the envelope is at most a statement by some individual that he believes the statements made by the voter over his signature "are true to the best of my knowledge and belief." This does not involve the voter in the least, and at best, is an expression of belief by some other individual, and is not in our opinion, a substitute for, or a compliance with, substantial or otherwise, the required oath.

Could the voter, who had falsified his inability to vote in person, be prosecuted for falsely swearing to these facts? The defense that he did not take the prescribed oath would be a successful answer to such a prosecution.

The legislature well knew this method of voting is open to abuse and fraud. For that reason the law requires the oath, so that a voter who sought to circumscribe it could be brought to justice and punished.

We hold that the oath required was mandatory and failure of the voter to make or take such an oath, administered by a qualified official, is fatal and invalidates the vote so cast.

Section 2, Chapter 6 of the Revised Statutes, as amended by Chapter 365 of the Laws of 1953, directs the City Clerk to prepare an absentee voting ballot, a blank form of application for such ballot and envelopes of sufficient size to contain the ballot. Among other requirements the aforesaid envelopes are to bear on the reverse side the required affidavit prescribed by Section 19, Chapter 365 of said Laws of 1953. This requirement was not met by the City Clerk of Waterville.

We do not accept the certificate as a compliance with the statutory requirements which we rule are mandatory. We

adopt the reasoning of this court in Opinion of the Justices in 124 Me. 453, 126A54, wherein the court says:

> "It is not easy to frame a definition that shall cover all cases, but, broadly speaking, requirements in a statute which are of the very essence of the thing to be done and the ignoring of which would practically nullify the vital purpose of the statute itself are regarded by the Courts as mandatory and imperative."

The proper administration of the oath was "mandatory and imperative."

It was found by the justice who heard this matter that in the event the absentee ballots were ruled out, the vote would be 473 for Miller and 446 for the respondent, or a majority of 27 votes for the claimant or petitioner.

We adopt these figures and find the petitioner was elected by a majority of 27 votes and is entitled to a certificate of election as a Member of the Board of Education of the City of Waterville.

*Appeal sustained with costs to the petitioner.*